IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> T C WHEELERS, INC. d/b/a, T.C. WHEELERS BAR & PIZZERIA <br><br> Defendant. | CIVIL ACTION NO. <br><br><br><br> **COMPLAINT** <br><br> Jury Trial Demanded |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Charging Party Quinn J. Gambino. As alleged with greater particularity below, the U.S. Equal Employment Opportunity Commission (the "Commission" or the "EEOC") alleges that Defendant T C Wheelers, Inc. d/b/a T.C. Wheelers Bar & Pizzeria ("Defendant" or "T.C. Wheelers"), which operates a bar and restaurant in Tonawanda, New York, violated Title VII by subjecting Gambino to sex discrimination by creating and maintaining a hostile work environment because of Gambino's transgender status, and by constructively discharging Gambino.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of New York.

## PARTIES

3. Plaintiff, the EEOC, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, a New York corporation, was doing business in the State of New York and the City of Tonawanda, and has continuously had at least 15 employees. Defendant is owned and operated by Christopher Candino and Anthony Candino, who run the business and make all key decisions.

5. At all relevant times, Defendant continuously was an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Gambino filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant.

7. On February 10, 2022, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant had violated Title VII and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the unlawful employment practices described in the Letter of Determination.

9. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. On April 8, 2022, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12. Since at least January 2021, Defendant has engaged in unlawful employment practices at its restaurant located at 341 Wheeler Street, Tonawanda, New York 14150, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000(e)-2(a)(1). These unlawful practices include, but are not limited to, the following:

    a. Between January 2021 and May 2021, Defendant engaged in sex discrimination against Gambino, who is a transgender man, by subjecting him to a hostile work environment based upon his transgender status, including subjecting him to numerous anti-transgender comments by Defendant's owners, managers, and employees. Management both participated in this harassment and tolerated it by others.

    b. At his job interview in January 2021, Gambino presented as male, introduced himself as Quinn, and did not disclose that he was transgender.

    c. After being hired by Defendant as a cook in January 2021, Gambino told one of Defendant's owners, Christopher Candino, that he used male pronouns ("he," "him," or "his").

    d. Chris Candino made intentional, frequent and repeated unwelcome and offensive remarks to Gambino about his transgender status, including but not limited to:

      i.      Asking a subordinate about Quinn's genitalia, including saying "Does she have female parts?"

      ii.      Telling Gambino that he was "not a real man."

      iii.      Regularly asking Quinn invasive questions about his transition, inquiring if he was taking testosterone and comparing it to when he took steroids when he was younger, and making light of Quinn's medical treatment.

      iv.      Saying that he did not approve of Gambino being transgender and telling Gambino's co-worker, "If I just say "she", [then] that's what she is" and "Quinn's a she."

      e.      Gambino made clear to Christopher Candino that the comments that targeted his transgender status were unwelcome and offensive.

      f.      Managers and co-workers also intentionally, frequently, and repeatedly made unwelcome and offensive remarks to or concerning Gambino about his transgender status, including:

      i.      Co-workers openly equating being transgender to pedophilia.

      ii.      A co-worker asking questions about Gambino's genitalia.

      iii.      A manager saying about Gambino, "she's a she."

      iv.      A co-worker refusing to accept that Gambino's name was "Quinn."

      v.      A co-worker saying that Gambino was not a "real guy."

      g.      Gambino made clear to the managers and co-workers that the comments targeting his transgender status were unwelcome and offensive.

      h.      Defendant's owners, managers, and employees intentionally misgendered Gambino approximately daily throughout Gambino's nearly four months of employment by intentionally using female pronouns ("she" and "her") to refer to him.

i. This daily, intentional misgendering occurred despite Gambino making clear to Defendant's owners, managers, and employees that he objected to being referred to by female pronouns.

j. Defendant had no process in place for employees to report workplace harassment and did not train employees on how to report workplace harassment, or train managers on how to respond to complaints of workplace harassment.

k. Throughout his employment, Gambino repeatedly told co-workers and managers that he was upset by the anti-transgender comments, including twice reporting to his supervisor, the Back-End Kitchen Manager, that he was being subjected to anti-transgender comments. Despite Gambino's repeated complaints, the harassment continued.

l. Gambino first complained to the Back-End Kitchen Manager about experiencing anti-transgender comments in approximately February 2021. At that time, Gambino asked her not to tell anyone about his complaint. She kept Gambino's complaint to herself and did nothing to address the harassment.

m. After his complaint in approximately February 2021, Gambino continued to experience anti-transgender comments in the workplace from Defendant's owners, managers, and employees.

n. In approximately March 2021, Gambino complained a second time to the Back-End Kitchen Manager about experiencing anti-transgender comments in the workplace and asked for her help. This time, she reported Gambino's complaint to Christopher Candino.

o. After the complaint in approximately March 2021, Gambino continued to experience anti-transgender comments in the workplace from Defendant's owners, managers, and employees.

p.  Additionally, despite knowing that Charging Party objected to being referred to with female pronouns, Defendant's owners and Defendant's managers intentionally allowed co-workers and customers to misgender Gambino on a repeated, frequent basis.

q.  Because of the incessant harassment Gambino experienced and Defendant's failure to adequately address it, Gambino was compelled to resign in May 2021.

13.  The unlawful employment practices complained of in paragraph 12 above were intentional and comprised a severe or pervasive hostile work environment based on sex (transgender status).

14.  The unlawful employment practices complained of in paragraph 12 above were done with malice or with reckless indifference to the federally protected rights of Gambino.

15.  The effect of the practices complained of in paragraph 12 above has been to deprive Gambino of equal employment opportunities and otherwise adversely affect his status as an employee because of his sex and, in particular, his transgender status.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, attorneys, and all persons in active concert or participation with it, from maintaining a work environment that is hostile to transgender employees.

B.  Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for transgender employees and that eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant to make whole Gambino by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary

to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Gambino.

  D. Order Defendant to make whole Gambino by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 12 above, in amounts to be determined at trial.

  E. Order Defendant to make whole Gambino by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices complained of in paragraph 12 above, including emotional pain, suffering, inconvenience, and humiliation, in amounts to be determined at trial.

  F. Order Defendant to pay Gambino punitive damages for its malicious and reckless conduct, as described in paragraph 12 above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: March 30, 2023
Buffalo, New York

    Respectfully submitted,

    GWENDOLYN YOUNG REAMS
    Acting General Counsel

    CHRISTOPHER LAGE
    Deputy General Counsel

    EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
    131 M Street, N.E.
    Washington, D.C. 20507

    JEFFREY BURSTEIN
    Regional Attorney
    jeffrey.burstein@eeoc.gov

    NORA CURTIN
    Supervisory Trial Attorney
    nora.curtin@eeoc.gov

    EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
    New York District Office
    33 Whitehall Street, 5th Floor
    New York, NY 10004

    /s/ *James E.B. Bobseine*
    James E.B. Bobseine
    Trial Attorney
    EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
    Buffalo Local Office
    300 Pearl Street, Suite 450
    Buffalo, NY 14202
    Tel: 716-431-5023
    Fax: 716-551-4387
    Email: james.bobseine@eeoc.gov